James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Marisa C. Lowe (SBN 366248)
ALTSHULER BERZON, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jfinberg@altber.com
ecervantez@altber.com
mlowe@altber.com

John T. Mullan (SBN 221149)
Michelle G. Lee (SBN 266167)
Jessica P. Spierer (SBN 348903)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: jtm@rezlaw.com
mgl@rezlaw.com
jps@rezlaw.com

*Attorneys for Plaintiff Joanne Barela and Proposed Classes and Subclasses of Persons Similarly Situated*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JOANNE BARELA, *on behalf of herself and those similarly situated*,

*Plaintiffs*,

v.

DELOITTE CONSULTING LLP,

*Defendant.*

Case No. 3:26-cv-03051-RS

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. **Violation of the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq.*) (Nationwide Class)**
2. **Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) (Title VII and PWFA Subclass)**
3. **Violation of the Pregnant Workers Fairness Act (42 U.S.C. § 2000gg *et seq.*) (Title VII and PWFA Subclass)**

[Caption Continues on Next Page]

4. **Violation of the Fair Employment and Housing Act (Cal. Gov't Code § 12900 *et seq.*) (CFRA, FEHA, and PDLL Subclass)**
5. **Violation of the Pregnancy Disability Leave Law (Cal. Gov't Code §§ 12940, 12945) (CFRA, FEHA, and PDLL Subclass)**
6. **Violation of the California Family Rights Act (Cal. Gov't Code § 12945.2) (CFRA, FEHA, and PDLL Class)**
7. **Violation of the Unfair Competition Law (Cal. Bus. & Pros. Code § 17200 *et seq.*) (California Class)**
8. **Violation of Title VII, as amended (42 U.S.C. § 2000e *et seq.*) (Ms. Barela)**
9. **Violation of the PWFA (42 U.S.C. § 2000gg *et seq.*) (Ms. Barela)**
10. **Violation of the FMLA (29 U.S.C. § 2601 *et seq.*) (Ms. Barela)**
11. **Violation of the FEHA (Cal. Gov't Code § 12900 *et seq.*) (Ms. Barela)**
12. **Violation of the PDLL (Cal. Gov't Code §§ 12940, 12945) (Ms. Barela)**
13. **Violation of the CFRA (Cal. Gov't Code § 12945.2 *et seq.*) (Ms. Barela)**
14. **Violation of the UCL (Cal. Bus. & Pros. Code § 17200 *et seq.*) (Ms. Barela)**

**JURY TRIAL DEMANDED**

Plaintiff Joanne Barela, on behalf of herself and others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff Joanne Barela brings this putative class action against Defendant Deloitte Consulting LLP ("Deloitte") on behalf of (1) a nationwide class of all exempt employees who worked for Deloitte in the United States within the last three years and who took parental, pregnancy, or pregnancy-disability leave; and (2) a California Class of all exempt employees who worked for Deloitte in California within the last four years and took parental, pregnancy, or pregnancy-related leave.

2. Deloitte advertises itself to candidates and recruits as a company that cares about its employees and is supportive of working parents and working mothers, providing up to 16 weeks of paid time off and up to 24 weeks of total time off for new parents. What Deloitte does not advertise is that employees who take parental leave are penalized for taking that leave. Deloitte ties yearly salary increases and bonuses to annual performance review scores. Employees with lower performance review scores receive lower annual salary increases and lower annual bonuses. Because, in the performance review process, with respect to "impact," Deloitte compares persons who took parental leave in a year with persons who worked a full 12 months that year, persons who took parental, pregnancy, or pregnancy-disability leave receive lower performance review scores than persons performing similarly well, and, as a result, receive lower salary increases and lower bonuses in the years when they took parental leave. Because yearly salary increases are on top of an existing base salary, this penalty in years where parental leave is taken is cumulative.

3. Deloitte's compensation policies and practices have the effect of disadvantaging workers who take parental, pregnancy, or pregnancy-disability leave in violation of federal and California law.

4. Deloitte's performance assessment and compensation systems violate the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Pregnant Workers Fairness Act ("PWFA"), *id.* § 2000gg *et seq.*; the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq*; the California Pregnancy Disability Leave Law ("PDLL"), *id.* § 12945; the California Family Rights Act

("CFRA"), *id.* § 12945.2; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.

## PARTIES

5. Plaintiff Joanne Barela is a citizen of California. Plaintiff worked at Deloitte's Los Angeles office from 2013 to December 30, 2025 in the firm's Human Capital Consulting practice. She was promoted on three occasions during her 13 years at Deloitte and served in the roles of Consultant, Senior Consultant, Manager, and Senior Manager.

6. Defendant Deloitte Consulting LLP ("Deloitte") is a Delaware limited liability partnership headquartered in New York, New York. Deloitte has offices across California, including offices in San Francisco and San Jose, and has at all times relevant to this complaint employed five or more people in California and is and has been an "employer" subject to all relevant statutes. As of 2025, Deloitte US, across all of its subsidiaries, including Deloitte Consulting LLP, employed 181,587 workers in the United States.[1]

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction, 28 U.S.C. § 1331, over Plaintiff's claims pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*; and the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg *et seq*.

8. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Ms. Barela is a citizen of California. Defendant Deloitte is a citizen of Delaware and New York. The amount in controversy exceeds $75,000.

9. This Court also has jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

10. The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims, including Plaintiff's FEHA, PDLL, CFRA, and UCL claims.

11. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the

[1] Deloitte, 2025 facts & figures, https://www.deloitte.com/us/en/about/story/facts-and-figures.html (last visited Mar. 24, 2026).

alleged unlawful employment practices were committed in California.

12. Intradistrict assignment is appropriate in the San Francisco/Oakland division of this Court as Deloitte has an office in San Francisco.

## EXHAUSTION OF REMEDIES

13. Ms. Barela has filed timely charges pursuant to the relevant federal and state statutes with the California Civil Rights Department ("CRD") and U.S. Equal Employment Opportunity Commission ("EEOC").

14. Ms. Barela filed a charge alleging discrimination on the basis of sex, pregnancy, and exercise of protected leave rights with the CRD on March 20, 2026. She received a right-to-sue letter from the CRD on March 20, 2026. A copy of Ms. Barela's CRD charge and right to sue letter is attached as **Appendix A**.

15. Ms. Barela filed a charge with the EEOC for violation of Title VII and the PWFA on March 24, 2026. She received a right-to-sue letter from the EEOC on May 14, 2026. A copy of Ms. Barela's EEOC charge and right-to-sue letter is attached as **Appendix B**.

## FACTUAL ALLEGATIONS

### Deloitte's Performance Assessment System

16. Deloitte "Performance Impact Dimensional Assessments" compare employees' performances to their peers based on metrics and feedback. Annual salary increases and bonuses are tied to Performance Impact Dimensional Assessments. Persons who receive lower Performance Impact Dimensional Assessment scores receive lower annual salary increases and lower annual bonuses.

17. Since at least 2013, Deloitte has compared the impact of exempt employees who took leave relative to their peers who worked the first twelve months. Since at least 2016 Deloitte has used Performance Impact Dimensional Assessments to compare employees' performance relative to their peers. Since Performance Management Year 2022, Deloitte's assessments used (1) Client; (2) Marketplace/Firm; and (3) Leadership & Teaming dimensions. The possible scores for each

dimension included “Below,” “Strong,” and “Exceptional.”[2] As of Performance Management Year 2026, a fourth dimension was added for Metrics.[3]

18. For Metrics, Deloitte tracks Utilization for all levels, and tracks Sales and Margin for Senior Managers. Prior to Performance Management Year 2026, Utilization, Sales, and Margin were factored into Client and Marketplace/Firm scores.

19. Utilization is considered a “critical metric” for all levels. Utilization is calculated based on an employee’s total billable hours divided by the standard hours an employee is expected to work (based on a 40-hour week).

20. For Utilization, the standard hours an employee is expected to work (the denominator for the Utilization calculation) does not account for all leave taken as paid time off. Employees using short-term disability as part of their maternity leave, however, are required to first use five days of paid time off. Employees who take parental, pregnancy, and pregnancy-related disability leave use more paid time off than other employees.

21. Employees returning from parental, pregnancy, and pregnancy-related disability leave experience greater time “on the bench,” or not staffed to client projects with time billed to Utilization-bearing codes.

22. Employees who take parental leave, pregnancy leave, or pregnancy-related disability leave receive lower Utilization scores than other Deloitte employees.

23. For the Leadership & Teaming dimension, Deloitte considers LOOP feedback survey responses from peers and direct reports for the Senior Consultant level and above. Deloitte also considers compliance in annual performance reviews.

24. These performance assessments are directly tied to compensation, including base salary (through “base salary merit increases”) and annual bonuses (known as “AIP rewards” or “annual incentive plan rewards”). Deloitte’s Performance Impact Dimensional Assessments are the

---

[2] As of performance management year 2023, the rating scale for Client includes four levels: “Exceptional,” “Strong,” “Meets Expectations,” and “Below.”

[3] Metrics were previously factored into Client and Marketplace/Firm scores. The rating scale for Metrics is “Above,” “Meets Expectations,” “Below,” and “Significantly Below.”

"primar[y]" factors used to determine base salary increases and bonuses.

25. As of Performance Management Year 2022,[4] these three Performance Impact Dimensional Assessments were then translated into five different categories that result in (1) "Highest" salary increases and bonuses, (2) "Higher" salary increases and bonuses, (3) "High" salary increases and bonuses, (4) "Strong" merit increases and bonuses, and (5) no increase or bonus.

26. For Senior Managers, the "Highest" level performers included Senior Managers who received "Exceptional" ratings across all three dimensions. Overall, around 18% of exempt employees fell into this category.

27. "Higher relative to peers" performances included Senior Managers who received "Exceptional" Client ratings in combination with an additional "Exceptional" rating for Marketplace/Firm or Leadership & Teaming. Overall, around 22% of exempt employees fell into this category.

28. "High" performances included Senior Managers with "Exceptional" Client and "Strong" Marketplace/Firm and Leadership & Teaming, as well as "Strong" Client and "Exceptional" Marketplace/Firm and Leadership & Teaming. Overall, 16% of exempt employees fell into "High."

29. "Strong" performances included "Strong" across all three dimensions, and two "Strongs" with one "Exceptional" for Marketplace/Firm or Leadership & Teaming. Overall, 41% of exempt employees fell into the "Strong" category.

30. Those falling below these categories, around 3% of exempt employees, received no salary increase or bonus.

31. The more "Exceptional" the performance assessment, the larger the base salary increase and the annual bonus.

---

[4] A "Performance Management Year" evaluates an employee's performance at the beginning of that year for the previous year. For example, scores from Performance Management Year 2024 largely reflect assessments of the employee's performance from 2023. Deloitte previously measured Performance Management Years from approximately March of the previous year to March of the current performance management year, but have more recently moved to measuring performance management from approximately January of the previous year to January of the performance year. Performance Management Year 2025 accordingly primarily reflects an employee's performance from the calendar year 2024.

32. Exempt employees who take parental, pregnancy, or pregnancy-disability leave in a year are compared for “Impact” purposes during the performance review process to peers who worked the full 12 months during that year. Deloitte’s policy and practice of comparing persons who took parental, pregnancy, or pregnancy-disability leave in a year for “impact” performance with peers who worked a full 12 months that year has the effect of penalizing those who take parental, pregnancy, or pregnancy-disability leave. That policy and practice infringes upon employees’ rights to take protected parental, pregnancy, or pregnancy-disability leave.

**Plaintiff Joanne Barela’s Experience**

33. Joanne Barela worked at Deloitte in its Human Capital Consulting practice for 13 years from 2013 to December 30, 2025 and was promoted three times during that period from Consultant to Senior Consultant, Senior Consultant to Manager, and Manager to Senior Manager.

34. Ms. Barela was consistently rated as having higher performance than her peers at Deloitte.

35. Since 2020, Ms. Barela has received a mix of “Exceptional” and “Strong” assessments every year except for two years—the years in which she took protected parental, pregnancy, or pregnancy-disability leave.

36. For the Performance Management Years 2022 and 2023, she received an “Exceptional” Client rating, “Strong” Marketplace/Firm rating, and “Exceptional” Leadership & Teaming rating. These ratings place her firmly in the “Higher” relative to peers category.

37. The two years in which Ms. Barela received lower ratings were the two years in which she used approved, protected leave for pregnancy-related conditions and to care for and bond with her newborn children.

38. In Performance Management Years 2021 and 2024, Ms. Barela took extended parental leave and pregnancy-related disability leave. In 2020, Ms. Barela was on leave for 30 weeks from March 2 to September 27, 2020, largely reflected in her Performance Management Year 2021 scores. Ms. Barela was on leave for 34 weeks in 2023 from May 9 to December 31, 2023, largely reflected in her Performance Management Year 2024 scores, and for 5 weeks in 2024 from January 1 to February 4, 2024, largely reflected in her Performance Management Year 2025 scores.

39. In both Performance Management Years 2021 and 2024, in which she took extended leave, Ms. Barela received only "Strong" performance impact assessments across all dimensions.[5] Ms. Barela's utilization metric was also lower in the years she took extended leave, reporting 38% utilization in Performance Management Year 2024.

40. These performance impact dimensional assessments translated to lower base salary increases for Ms. Barela in 2021 and 2024. These penalties in the years Ms. Barela took parental leave had cumulative effects from 2021 onwards.

41. In May 2024, Ms. Barela was informed by a Deloitte Managing Director that although Deloitte offers benefits of extended parental leave, those who take such extended parental leave are still compared to and expected to demonstrate the same results and impact as their peers who work the full 12 months.

42. Along other metrics, Ms. Barela has consistently outperformed Deloitte's established targets.

43. For Sales, in Performance Management Year 2026, Ms. Barela had $16.4 million in sales through Q3 (excluding Q4), multiple fold above the $5 million target for the full year. In Performance Management Year 2025, which included six weeks of protected leave, Ms. Barela achieved $18.3 million in sales, far beyond the $5 million target.

44. In Ms. Barela's most recently completed Performance Management Year 2025, she received a "Strong" Client rating and "Exceptional" ratings for Marketplace/Firm and Leadership & Teaming. Ms. Barela took some parental leave in Performance Management Year 2025. The performance ratings that Ms. Barela received in Performance Management Year 2025 were lower than they would have been had she not taken any parental leave in that year, and as a result the salary increase that she received in 2025 was lower than it would have been had she not taken any leave in Performance Management Year 2025.

---

[5] For Performance Management Year 2021, Deloitte considered Senior Managers based on only two dimensions, one considering Client/Marketplace and a second considering Leadership & Teaming. In Performance Management Year 2021, Ms. Barela received a "Strong" in both categories. The previous year, Performance Management Year 2020, Deloitte similarly had two dimensions with a different rating scale. Ms. Barela received "Above" on one factor considering Firm/People and "Consistent" on Client.

45. On December 2, 2025, Ms. Barela was informed she was being terminated from Deloitte as part of a company-wide reduction-in-force.

46. Ms. Barela was informed that the decision to terminate employees involved numbers and a comparison to others in terms of a multi-year lookback at metrics, which she understood to include Performance Impact Dimensional Assessment ratings.

47. Ms. Barela also believes the termination decision may have considered the duration of time she spent at the Senior Manager level as an indication of lack of readiness for promotion, without factoring the time she had taken as protected leave.

48. As of December 12, 2025, Ms. Barela had spent 6.3 years as a Senior Manager, including 1.3 years total spent away on approved leave. Factoring in her protected leave, Ms. Barela had spent 5.0 years as a Senior Manager. Deloitte typically expects its Senior Managers to advance to Principal, Partner or Managing Director within four to six years.

49. Ms. Barela's last day of employment at Deloitte was December 30, 2025.

## CLASS ACTION ALLEGATIONS

50. Ms. Barela brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of (1) a nationwide class of all exempt employees who worked for Deloitte in the United States within the last three years and who took parental, pregnancy, or pregnancy-disability leave; and (2) a California Class of all exempt employees who worked for Deloitte in California within the last four years and took parental, pregnancy, or pregnancy-related leave.

51. Ms. Barela also seeks to represent (a) a Title VII and PWFA subclass of women who worked as exempt employees of Deloitte in the United States since May 28, 2025 who took parental, pregnancy, or pregnancy-related leave; and (b) a CFRA, FEHA, and PDLL subclass of women who worked for Deloitte as exempt employees in California since March 20, 2023 and who took parental, pregnancy, or pregnancy-related leave.

52. All requirements of class certification under Fed. R. Civ. P. 23 are met by the proposed classes and subclasses.

53. The proposed classes and subclasses are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

54. There are questions of law and fact common to the classes and subclasses and those questions can and should be resolved in a single proceeding. Fed. R. Civ. P. 23(a)(2). These questions include:

a. Whether Deloitte's performance impact assessment system compares workers who took protected parental, pregnancy, or pregnancy-disability leave to those who worked the full 12 months of the year?

b. Whether Deloitte's performance impact assessments and other performance assessment metrics were considered in decisions related to compensation, including base salary increases and annual bonuses?

c. Whether exempt Deloitte employees who took parental, pregnancy, or pregnancy-related leaves received lower performance scores than their peers in the year that they took leave?

d. Whether exempt Deloitte employees who took parental, pregnancy, or pregnancy-related leave received lower salary increases and bonuses than their peers in years that they took leave?

e. Whether Deloitte's policies and practices interfered with and retaliated against Plaintiff's and class members' rights to take leave pursuant to the Family and Medical Leave Act?

f. Whether Deloitte's continued policies and practices represented willful violations of the FMLA?

g. Whether Deloitte's policies and practices interfered with and retaliated against Plaintiff's and class members' rights under the Pregnant Workers Fairness Act?

h. Whether Deloitte's policies and practices violated FEHA?

i. Whether Deloitte's policies and practices interfered with and retaliated against Plaintiff's and class members' rights to take leave pursuant to the Pregnancy Disability Leave Law?

j. Whether Deloitte's policies and practices interfered with and retaliated against Plaintiff's and class members' rights to take leave pursuant to the California

Family Rights Act?

k. Whether Deloitte's policies and practices represent unlawful and unfair business practices?

l. Whether Deloitte's performance impact assessment and compensation policies and practices had disparate impact on women?

55. The claims alleged by Ms. Barela are typical of the claims of putative class members because Ms. Barela is a woman who was employed by Deloitte during the relevant time periods and took protected leave, including parental and pregnancy-related disability leave. Fed. R. Civ. P. 23(a)(3). Ms. Barela was subjected to Deloitte's biased performance impact assessment system, which negatively impacted her compensation.

56. Ms. Barela is able to fairly and adequately represent and protect the interests of all members of the classes. Fed. R. Civ. P. 23(a)(4). Ms. Barela has retained competent counsel to represent her and the proposed classes and subclasses.

57. The challenged Deloitte policies and practices apply generally to Plaintiff and all members of both proposed classes and both proposed subclasses. Accordingly, injunctive and declaratory relief is appropriate for the class as a whole. Fed. R. Civ. P. 23(b)(2).

58. Questions of law and fact common to the members of the classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

## FIRST CLAIM FOR RELIEF
**Violation of the FMLA**
**(29 U.S.C. § 2601 *et seq.*)**
*On Behalf of Nationwide Class*

59. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

60. The FMLA entitles employees up to twelve weeks of leave during any twelve-month period for certain reasons, including "the birth of a son or daughter and in order to care for such son or daughter." 29 U.S.C. § 2612(a)(1).

61. The FMLA prohibits employers from "interfer[ing] with, restrain[ing[, or deny[ing]

the exercise of . . . any right provided under this subchapter.” 29 U.S.C. § 2615.

62. Deloitte’s challenged policies and practices interfere with, restrain, and deny exercise of FMLA-protected leave, including parental, pregnancy, and pregnancy-disability leave, by penalizing those who exercise the right to use FMLA leave.

63. The FMLA prohibits employers from “discharg[ing] or in any other manner discrimnat[ing] against individuals for opposing any practice made unlawful by this subchapter.” 29 U.S.C. § 2615.

64. Deloitte’s challenged policies and practices retaliate against individuals for exercising their FMLA-protected right to leave, including parental, pregnancy, and pregnancy-disability leave, by negatively impacting their compensation when they take such leave.

65. Employees at Deloitte have raised concerns about the negative impacts of taking protected leave on their performance reviews and compensation. These issues have been raised to and discussed by Talent, Ethics & Compliance, DEI, and other teams or groups within Deloitte Consulting LLP and/or Deloitte Global Talent.

66. Deloitte was aware that their policies and practices improperly compared employees who had taken parental, pregnancy, and pregnancy-related disability leave with those who had worked the full 12-months of the year, resulting in lower performance scores for the former. Yet Deloitte failed to take remedial action and instead willfully continued to rely on these performance evaluations for critical compensation and employment decisions.

## SECOND CLAIM FOR RELIEF

**Violation of Title VII (Discrimination Based on Sex, Disparate Impact)**
**(Title VII, as amended, 42 U.S.C. § 2000e *et seq.*)**
*On Behalf of Title VII and PWFA Subclass*

67. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

68. Title VII prohibits discrimination based on sex “with respect to compensation, terms, conditions, or privileges of employment.” 42 U.S.C. § 2000e-2(a).

69. Women are overrepresented in the population of workers who take parental, pregnancy, and pregnancy-related leave.

70. Deloitte's challenged policies and practices disadvantage workers who take parental, pregnancy, and pregnancy-related leave by discriminating against them in compensation when they take that leave. These challenged policies and practices have an adverse impact on women.

71. Deloitte's challenged policies and practices have discriminated against and will continue to discriminate against all former and current women exempt employees who take parental, pregnancy, or pregnancy-disability leave in violation of 42 U.S.C. § 2000e-2(a).

**THIRD CLAIM FOR RELIEF**
**Violation of the PWFA**
**(42 U.S.C. § 2000gg *et seq.*)**
*On Behalf of Title VII and PWFA Subclass*

72. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

73. The PWFA makes it an unlawful employment practice to "not make reasonable accommodations." 42 U.S.C. § 2000gg-1(1).

74. The PWFA also makes it an unlawful employment practice to "take adverse actions in terms, conditions, or privileges of employment . . . on account of the employee requesting or using a reasonable accommodation to the known limitations related to the pregnancy, childbirth, or related medical conditions of the employee." 42 U.S.C. § 2000gg-1(5).

75. Deloitte's challenged policies and practices render reasonable accommodations such as leave ineffective and represent adverse actions penalizing employees for making use of reasonable accommodations, including parental, pregnancy, or pregnancy-related leaves, thus violating 42 U.S.C. § 2000gg-1(1) and (5).

**FOURTH CLAIM FOR RELIEF**
**Violation of the FEHA (Discrimination Based on Sex, Disparate Impact)**
**(Cal. Gov't Code § 12900 *et seq.*)**
*On Behalf of the CFRA, FEHA, and PDLL Subclass*

76. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

77. The FEHA prohibits discrimination based on sex "in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a).

78. Under the FEHA, sex also encompasses discrimination based on pregnancy, childbirth, and breastfeeding. *Id.* § 12926(r)(1).

79. Women are over-represented in the population of workers who use parental, pregnancy, and pregnancy-disability leave.

80. The FEHA also requires that employers "take all reasonable steps necessary to prevent discrimination." *Id.* § 12940(k).

81. Deloitte's challenged policies and practices disadvantage workers who take protected parental, pregnancy, and pregnancy-disability leave by paying them less when they take that leave. These challenged policies and practices have an adverse impact on women.

## FIFTH CLAIM FOR RELIEF
**Violation of the PDLL**
**(Cal. Gov't Code §§ 12940, 12945)**
*On Behalf of the CFRA, FEHA, and PDLL Subclass*

82. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

83. The PDLL prohibits employers from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of, or the attempt to exercise, any right provided under this section," including the right of an employee disabled by pregnancy, childbirth, or a related medical condition to take reasonable leave. Cal. Gov't Code § 12945(a)(1), (4).

84. FEHA also prohibits employers from "fail[ing] to make reasonable accommodation[s] for the known physical or mental disability" of an employee and "retaliat[ing] or otherwise discriminat[ing] against a person for requesting accommodation." Cal. Gov't Code § 12940(m).

85. Deloitte's challenged policies and practices have harmed and continue to harm employees' right to use protected PDLL leave and FEHA reasonable accommodations, including taking parental, pregnancy, and pregnancy-disability leave, by negatively impacting their compensation, when they take such leave.

86. Deloitte's challenged policies and practices therefore have interfered with, restrained, and effectively denied the exercise of PDLL and FEHA rights by Deloitte employees in violation of

Government Code §§ 12490(m), 12945(a)(1), (4).

**SIXTH CLAIM FOR RELIEF**
**Violation of the CFRA**
**(Cal. Gov't Code § 12945.2 *et seq.*)**
*On Behalf of the CFRA, FEHA, and PDLL Class*

87. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

88. The CFRA prohibits employers from discriminating against a person's "exercise of the right to family care and medical leave . . . ." Cal. Gov't Code § 12945.2(k)(1).

89. Deloitte's challenged policies and practices discriminate against Deloitte employees who have taken or plan to use protected CFRA leave, including taking parental, pregnancy, or pregnancy-disability leave, by negatively impacting their compensation if they take such leave. Cal. Gov't Code § 12945.2(a).

90. The CFRA prohibits employers from interfering with, restraining, or denying the exercise of a person's exercise of or attempt to exercise rights provided under CFRA, including the right of an employee to take up to twelve weeks of family care and medical leave in a twelve-month period. Cal. Gov't Code § 12945.2(a), (q).

91. Deloitte's challenged policies and practices have harmed and continue to harm Deloitte employees who have taken or plan to use protected CFRA leave, including parental, pregnancy, or pregnancy-disability leave, by negatively impacting compensation when they take such leave. Cal. Gov't Code § 12945.2(q).

92. Deloitte's challenged policies therefore have interfered with and restrained the exercise of CFRA rights by Deloitte employees who have taken or plan to use parental, pregnancy, or pregnancy-disability leave in violation of Government Code § 12945.2(q).

**SEVENTH CLAIM FOR RELIEF**
**Violation of the UCL**
**(Cal. Bus. & Pros. Code § 17200 *et seq.*)**
*On Behalf of the California Class*

93. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

94. Deloitte's policies and practices have systematically and repeatedly over a significant period of time discriminated against all workers who take protected leave, including parental, pregnancy, or pregnancy-disability leave, to the detriment of Plaintiff and all putative California class members.

95. Deloitte's actions violate the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*, Pregnancy Disability Leave Law, *id.* § 12945, and the California Family Rights Act, *id.* § 12945.2, and therefore constitute unlawful and unfair business practices prohibited by the California Business & Professions Code § 17200 *et seq*.

96. Deloitte's business practices as alleged herein are also immoral, unethical oppressive, unscrupulous, and offensive to the established public policies of ensuring parents, women, and those with pregnancy-related conditions are not discriminated against in the workplace, as reflected in the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*, California Pregnancy Disability Leave Law, *id.* § 12945, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg *et seq.*

**EIGHTH CLAIM FOR RELIEF**
**Violation of Title VII**
**(Title VII, as amended, 42 U.S.C. § 2000e *et seq.*)**
*On Behalf of Plaintiff Barela*

97. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

98. Deloitte's decision to terminate Ms. Barela based, at least in part, on the challenged policies and practices represents discrimination in violation of 42 U.S.C. § 2000e-2(a).

**NINTH CLAIM FOR RELIEF**
**Violation of the PWFA**
**(42 U.S.C. § 2000gg *et seq.*)**
*On Behalf of Plaintiff Barela*

99. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

100. Deloitte's decision to terminate Ms. Barela based, at least in part, on the challenged policies and practices represents an adverse action and retaliation in violation of 42 U.S.C.

§ 2000gg-1(5).

**<u>TENTH CLAIM FOR RELIEF</u>**
**Violation of the FMLA**
**(29 U.S.C. § 2601 *et seq.*)**
*On Behalf of Plaintiff Barela*

101. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

102. Deloitte's decision to terminate Ms. Barela based, at least in part, on the challenged policies and practices represents interference with and discrimination for exercising the right to FMLA-protected leave in violation of 29 U.S.C. § 2615.

**<u>ELEVENTH CLAIM FOR RELIEF</u>**
**Violation of FEHA**
**(Cal. Gov't Code § 12900 *et seq.*)**
*On Behalf of Plaintiff Barela*

103. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

104. Deloitte's decision to terminate Ms. Barela based, at least in part, on the challenged policies and practices violated Cal. Gov't Code § 12940(a).

**<u>TWELFTH CLAIM FOR RELIEF</u>**
**Violation of the PDLL**
**(PDLL, Cal. Gov't Code §§ 12940, 12945)**
*On Behalf of Plaintiff Barela*

105. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

106. Deloitte's decision to terminate Ms. Barela based, at least in part, on the challenged policies and practices represents interference with, restraint, and effective denial of PDLL and FEHA rights in violation of California Government Code §§ 12490(m), 12945(a)(1), (4).

**<u>THIRTEENTH CLAIM FOR RELIEF</u>**
**Violation of the CFRA**
**(CFRA, Cal. Gov't Code § 12945.2 *et seq.*)**
*On Behalf of Plaintiff Barela*

107. Plaintiff incorporates, by reference, all allegations from each of the preceding

paragraphs.

108. Deloitte's decision to terminate Ms. Barela based, at least in part, on the challenged policies and practices represents discrimination based on exercise of CFRA-protected leave in violation of California Government Code § 12495.2(k)(1).

109. Deloitte's decision to terminate Ms. Barela based, at least in part, on the challenged policies and practices represents interference with CFRA rights in violation of California Government Code § 12945.2(q).

**FOURTEENTH CLAIM FOR RELIEF**
**Violation of the UCL**
**(Cal. Bus. & Pros. Code § 17200 *et seq.*)**
*On Behalf of Plaintiff Barela*

110. Plaintiff incorporates, by reference, all allegations from each of the preceding paragraphs.

111. Deloitte's decision to terminate Ms. Barela based, at least in part, on the challenged policies and practices unlawful and unfair business practices in violation of California Business & Professions Code § 17200 *et seq*.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of herself and others similarly situated, prays that this Court issues judgment in favor of Plaintiff and against Deloitte and orders:

A. Certification of this action as a class action, with certification of the (1) Nationwide class; (2) California class; (3) Title VII and PWFA subclass; and (4) CFRA, FEHA, and PDLL subclass.

B. Appointment of Ms. Barela as Class Representative and appointment of Ms. Barela's counsel as Class Counsel;

C. Judgment in an amount that the Court or jury determines to be fair, just, and adequate compensation for the damages that Plaintiff and class members have sustained, past and future, monetary and non-monetary, together with interest, including compensatory, liquidated, and punitive damages;

D. An injunction requiring Deloitte to remedy the civil rights violations and unlawful

employment practices described herein to prevent future discrimination of its employees on the basis of exercising their right to protected leave, gender, sex, and pregnancy-related conditions;

E. Equitable relief, including reinstatement for Plaintiff Barela;

F. Declaratory relief;

G. An award of reasonable attorneys' fees and costs; and

H. Any other relief the Court deems to be just and proper.

Respectfully submitted,

Dated: May 27, 2026

**ALTSHULER BERZON LLP**

By: *_/s/James M. Finberg_*
James Finberg

Dated: May 27, 2026

**RUDY, EXELROD, ZIEFF & LOWE, LLP**

By: *_/s/John T. Mullan_*
John Mullan

*Attorneys for Plaintiff Joanne Barela and Proposed Classes and Subclasses of Persons Similarly Situated*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all those issues so triable.

Dated: May 27, 2026

**ALTSHULER BERZON LLP**

By: */s/James M. Finberg*
James Finberg

Dated: May 27, 2026

**RUDY, EXELROD, ZIEFF & LOWE, LLP**

By: */s/John T. Mullan*
John Mullan

*Attorneys for Plaintiff Joanne Barela and Proposed Classes and Subclasses of Persons Similarly Situated*

# Appendix A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 20, 2026

James Finberg
177 Post St., Ste. 300
San Francisco, CA 94108

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202603-34149520
Right to Sue: Barela / Deloitte Consulting

Dear James Finberg:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 20, 2026

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202603-34149520
Right to Sue: Barela / Deloitte Consulting

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 20, 2026

Joanne Barela
1415 Lincoln Ln.
Los Angeles, CA 90041

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202603-34149520
Right to Sue: Barela / Deloitte Consulting

Dear Joanne Barela:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective March 20, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION BEFORE THE STATE OF CALIFORNIA

## Civil Rights Department

## Under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Joanne Barela CRD No. 202603-34149520

Complainant,

vs.

Deloitte Consulting
30 Rockefeller Plaza
30 Rockefeller Plaza, NY 10112-0015

Respondents

---

**1.** Respondent **Deloitte Consulting** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Joanne Barela**, resides in the City of **Los Angeles,** State of **CA.**

**3**. Complainant alleges that on or about **December 30, 2025**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, pregnancy, childbirth, breast feeding, and/or related medical conditions, family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl) and as a result of the discrimination was terminated, denied equal pay.

**Additional Complaint Details:** Deloitte's performance rating system disadvantages women and workers who take protected leave, including pregnancy, pregnancy-related disability, parental, and family leave, impacting compensation and termination decisions.

I joined Deloitte Consulting in April 2013. Deloitte rates its employees' performance across three dimensions—client, marketplace/firm, and leadership & teaming. From 2020 to 2025, I consistently received 2 "exceptional" and 1 "strong" rating across these dimensions (a rating considered higher relative to peers or high), with the exception of two years—the two years in which I took pregnancy and parental leave, when I received "strong" ratings across the

board (a rating "in line" with most peers). Employees who take protected leave are still expected to demonstrate the same results and impact as peers who work the full 12 months of the year. Comparing those employees who took leave to those who worked a full 12 months with respect to impact results in employees who took leave receiving lower performance scores than those employees who did not take leave.

Deloitte relies on these performance ratings to determine base salary increases and annual bonuses. Employees with higher performance scores receive larger salary increases and bonuses. The result of these policies and practices is that those who use leave are systematically paid less. I bring this claim of discriminatory compensation on behalf of myself and all others who worked for Deloitte Consulting in California within the last three years and took approved leave at some point while working for Deloitte.

On December 2, 2025, I was informed that I was being terminated from Deloitte as part of a reduction-in-force occurring across the company. I was informed that the decision to terminate individuals involved numbers and a comparison to others in terms of a multi-year lookback at metrics, which I understood to include my performance ratings, which reflected the discriminatory policies and practices described above. As discussed above, I was penalized for taking protected leave as a result of the policy comparing persons who take leave to those who work the full 12 months with regard to impact, resulting in those who take leave, including me, receiving lower performance scores. I believe the termination decision may have also considered the duration of time I spent at the Senior Manager level as an indication of lack of readiness for promotion, without factoring the time I took as protected leave. My last day of employment at Deloitte was 12/30/2025.

VERIFICATION

I, **James Finberg**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On March 20, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Francisco, California**

# Appendix B

**U.S. Equal Employment Opportunity Commission**
**Los Angeles District Office**
255 East Temple St 4th Floor Los Angeles, CA 90012
(213) 785-3090
Website: [www.eeoc.gov]www.eeoc.gov

03/24/2026

Joanne K. Barela
1415 Lincoln Ln. Los Angeles, CA 90041

Re: Joanne K. Barela v. Deloitte Consulting
EEOC Charge Number: 480-2026-02841

Dear Joanne K. Barela,

This is to acknowledge receipt of your EEOC charge of discrimination, which has been filed under the following statute(s):

Pregnant Workers Fairness Act of 2022 (PWFA) and Title VII of the Civil Rights Act of 1964 (Title VII).

We will contact your attorney when we need more information. A notice of the charge will be sent to the organization you filed the charge against within 10 days of today as required by our procedures. Many states, counties, cities, and towns have their own laws prohibiting discrimination and responsible for enforcing those laws. These agencies are referred to as Fair Employment Practices Agencies (FEPAs). Usually, the laws enforced by these agencies are similar to those enforced by the EEOC. If the charge is initially filed with the EEOC and the charge is also covered by state or local law, the EEOC dual files the charge with the state or local FEPA (meaning the FEPA will receive a copy of the charge), but the EEOC typically retains the charge for processing.

Please use the EEOC charge number listed at the top of this email whenever you or your attorney contact us about this charge. Please notify the EEOC's Los Angeles District Office of any change to your or your attorney's contact information or if you either of you will ever be unavailable for a long time. Failure to cooperate may lead to dismissal of the charge.

The quickest and most convenient way for your or your attorney to obtain the status of your charge and to submit documents is to use the EEOC Public Portal.

Sincerely,

The Equal Opportunity Employment Commission (EEOC)

Asunto:Joanne K. Barela v. Deloitte Consulting
Número de cargo de la EEOC: 480-2026-02841

Estimado(a) Joanne K. Barela,

Este documento sirve para confirmar que hemos recibido su cargo de discriminación de la EEOC, que ha sido presentado bajo la(s) siguiente(s) ley(es):

Pregnant Workers Fairness Act of 2022 (PWFA) and Title VII of the Civil Rights Act of 1964 (Title VII).

Nos pondremos en contacto con su abogado cuando necesitemos más información. Se enviará una notificación del cargo a la organización contra la que presentó el mismo en un plazo de 10 días a partir de hoy, tal como exigen nuestros procedimientos. Muchos estados, condados, ciudades y pueblos tienen sus propias leyes que prohíben la discriminación y son responsables de hacerlas cumplir. Estas agencias se denominan Agencias de Prácticas de Empleo Justas (FEPA, por sus siglas en inglés). Normalmente, las leyes que hacen cumplir estas agencias son similares a las que hace cumplir la EEOC. Si el cargo se presenta inicialmente ante la EEOC y también está cubierto por la legislación estatal o local, la EEOC presenta el cargo ante la FEPA estatal o local (lo que significa que la FEPA recibirá una copia del cargo), pero la EEOC suele conservar el original del cargo para procesarlo.

Utilice el número de cargo de la EEOC que aparece en la parte superior de este correo electrónico siempre que usted o su abogado se pongan en contacto con nosotros en relación con este cargo. Por favor, notifique la Los Angeles District Office de la EEOC de cualquier cambio en su información de contacto o en la de su abogado, o si alguno de los dos no va a estar disponible en algún momento durante mucho tiempo. La falta de cooperación puede dar lugar a la desestimación del cargo.

La forma más rápida y cómoda para que usted o su abogado obtengan el estado de su cargo y presenten documentos es utilizar el Portal público de la EEOC.

Sincerely,

The Equal Opportunity Employment Commission (EEOC)

Cc:
James M Finberg Esq.
Altshuler Berzon LLP
177 Post St.
Ste. 300
San Francisco, CA 94108
jfinberg@altshulerberzon.com
415-421-7151

EEOC Form 5 (2025)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: Agency(ies) Charge No(s):<br>EEOC |
|---|---|

California Civil Rights Department (filed separately) and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev., etc.)* | Home Phone | Year of Birth |
|---|---|---|
| Joanne Kim Barela | (630) 788-7227 | 1982 |

Street Address, City State and ZIP Code

1415 Lincoln Ln., Los Angeles, CA 90041

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Deloitte Consulting LLP | Over 1,000 | (212) 492-4000 |

Street Address, City State and ZIP Code

30 Rockefeller Plaza, New York, NY 10112-0015

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address, City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Sex and pregnancy<br>(42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 2000gg *et seq.*) | 03/02/2020 | 12/30/2025 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Deloitte's performance rating system disadvantages women and workers who take protected leave, including pregnancy, pregnancy-related disability, parental, and family leave, impacting compensation and termination decisions.

I joined Deloitte Consulting in April 2013. Deloitte rates its employees' performance across three dimensions—client, marketplace/firm, and leadership & teaming. From 2020 to 2025, I consistently received 2 "exceptional" and 1 "strong" rating across these dimensions (a rating considered higher relative to peers or high), with the exception of two years—the two years in which I took pregnancy and parental leave, when I received "strong" ratings across the board (a rating "in line" with most peers). Employees who take protected leave are still expected to demonstrate the same results and impact as peers who work the full 12 months of the year. Comparing those employees who took leave to those who worked a full 12 months with respect to impact results in employees who took leave receiving lower performance scores than those employees who did not take leave.

Class Compensation Claim
Deloitte relies on these performance ratings to determine base salary increases and annual bonuses. Employees with higher performance scores receive larger salary increases and bonuses. The result of these policies and practices is that those who use leave are systematically paid less. Because women are overrepresented in the population of workers who use leave, including pregnancy parental, and family leave, the challenged policies and practices disproportionately impact women. I bring this claim of discriminatory compensation on behalf of myself and all women who worked for Deloitte in the United States within the last 300 days and took approved leave at some point while working for Deloitte.

Individual Termination Claim
On December 2, 2025, I was informed that I was being terminated from Deloitte as part of a reduction-in-force occurring across the company. I was informed that the decision to terminate individuals involved numbers and a comparison to others in terms of a multi-year lookback at metrics, which I understood to include my performance ratings, which reflected the discriminatory policies and practices described above. As discussed above, I was penalized for taking protected leave as a result of the policy comparing persons who take leave to those who work the full 12 months with regard to impact, resulting in those who take leave, including me, receiving lower performance scores. I believe the termination decision may have also considered the duration of time I spent at the Senior Manager level as an indication of lack of readiness for promotion, without factoring the time I took as protected leave. My last day of employment at Deloitte was 12/30/2025.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>3/19/26 [signature]<br>*Date* *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/14/2026

**To:** Joanne K. Barela
1415 Lincoln Ln.
Los Angeles, CA 90041
Charge No: 480-2026-02841

EEOC Representative and email: JOSEPH SHIN
EQUAL OPPORTUNITY INVESTIGATOR
JOSEPH.SHIN@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 480-2026-02841.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
05/14/2026

Christine Park-Gonzalez
District Director

**Cc:**
Sophia Terrassi
Deloitte LLP
1221 Avenue of the Americas 39 FL
New York, NY 10020

Alexis Harvey
DELOITTE LLP
1221 Avenue of the Americas 39 FL
New York, NY 10020

Incident Location
Deloitte Consulting
555 West 5th Street Suite 2700
Los Angeles, CA 90013

James M Finberg Esq.
Altshuler Berzon LLP
177 Post St. Ste. 300
San Francisco, CA 94108

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 480-2026-02841 to the District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA 90012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 480-2026-02841 to the District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor, Los Angeles, CA 90012.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.